UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.1:16 -cv-1139 |
| | ) | |
| BART H. RIPPL, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402(a), with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to obtain a judgment that defendant Bart H. Rippl is liable for federal income taxes, penalties, and interest for the years 1999 and 2012 in the total amount of $1,622,621.22 as of May 1, 2016, plus statutory accruals from that date until fully paid, and for its complaint alleges as follows:

### Jurisdiction and Parties

1.      The Court has jurisdiction under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. § 7402(a).

2.      Defendant Bart H. Rippl resides within the jurisdiction of this Court.

### The Tax Assessments

3.      A delegate of the Secretary of the Treasury of the United States made assessments of federal income taxes, penalties, and interest against Mr. Rippl on the following dates for the 1999 and 2012 tax years, which have balances due, including all abatements, credits, accruals, and costs, as of May 1, 2016, as follows:

1

| Tax Year | Date of Assessment | Type of Assessment | Amount of Assessment | Balance Due as of May 1, 2016 |
|---|---|---|---|---|
| 1999 | 5/15/06 | Tax | $360,070.00 | $1,587,073.92 |
|  | 5/15/06 | Late Payment Penalty | $87,617.25 |  |
|  | 5/15/06 | Estimated Tax Penalty | $16,909.66 |  |
|  | 5/15/06 | Fraudulent Failure to File Penalty | $254,090.03 |  |
|  | 5/15/06 | Interest | $315,681.46 |  |
| 2012 | 11/2/15 | Tax | $22,579.00 | $35,547.30 |
|  | 11/2/15 | Late Filing Penalty | $5,080.28 |  |
|  | 11/2/15 | Late Payment Penalty | $3,499.74 |  |
|  | 11/2/15 | Estimated Tax Penalty | $404.80 |  |
|  | 11/2/15 | Interest | $2,199.49 |  |

4.     A delegate of the Secretary of the Treasury properly gave notice of the assessments described in the previous paragraph and made demand for payment of the assessed liabilities upon Mr. Rippl. Despite such notice and demand, Mr. Rippl has neglected, failed, or refused to pay the assessed liabilities in full.

5.     After the application of all abatements, payments, and credits, Mr. Rippl remains indebted to the United States of America for the federal income tax liabilities for the tax years 1999 and 2012 in the amount of $1,622,621.22 as of May 1, 2016, plus such additional amounts as may accrue from and after that date as provided by law.

**Additional Facts Supporting Fraudulent Failure to File
Penalty for 1999 Income Tax Year**

6.     On December 21, 1999, Mr. Rippl received a wire transfer of $1,149,864.66, as shown on the statement of his bank account held with Charter One Bank.

7.     The wire transfer of $1,149,864.66 represented proceeds of the sale of Mr. Rippl's shares of stock in Northern Cross Steel Company, a corporation formerly based in Strongsville, Ohio.

8.     On December 22, 1999, Mr. Rippl transferred the stock proceeds to an offshore

2

trust with the intent of shielding the funds from tax collection.

9.      Mr. Rippl did not file a 1999 federal income tax return or otherwise report, or pay federal income tax on, the $1,149,874.66 identified in ¶ 6.

10.     Mr. Rippl has not filed a federal income tax return with regard to any income tax year since 1999.

11.     When the IRS investigated his 1999 income tax liability in 2005, Mr. Rippl coerced the buyer of his stock to sign a letter to the IRS that contained frivolous arguments denying the legitimacy of the U.S. tax laws and that denied that any payment had been made to Mr. Rippl. The buyer of the stock separately provided the IRS with the proof of the payment described in ¶ 6, above.

12.     In early 2006, Mr. Rippl filed a frivolous lawsuit for damages against the IRS in the United States District Court for the District of Columbia, Case No. 06-cv-165. The suit was dismissed.

13.     Mr. Rippl's 2006 lawsuit was one of several similar frivolous damages suits filed against the IRS by clients of George J. Pragovich.

14.     In 2010, the United States sued Mr. Pragovich in the U.S. District Court for the Middle District of Tennessee, Case No. 3:10-cv-37, seeking to enjoin Mr. Pragovich from promoting frivolous lawsuits against the IRS. The complaint alleged that Mr. Rippl assisted Mr. Pragovich by conducting legal research, preparing legal documents for Pragovich's customers, helping with the customer conference calls, and communicating with customers via email in regard to the status of the frivolous lawsuit promotion. Because Mr. Pragovich died while the lawsuit was pending, the suit was dismissed as moot.

15.     Mr. Rippl operates a web site (www.debtsuspension.com) on which he promotes a scheme for individuals to attempt to discharge unsecured debts (such as credit card debt) by the issuance of their own "promissory notes." On the web site, Mr. Rippl advises his potential clients "to be judgment-proof (i.e., no assets which could be seized) and self-employed (no W-2 or 1099 income which could be garnished)." He accepts cash payments for his "templates."

16.     Mr. Rippl appears to have put his own advice about appearing judgment-proof into practice. He does not own any real property or registered vehicles in his own name. He has even been arrested for driving with a suspended license because he refuses to pay for auto insurance. On social media he describes himself as a "professional networker" and "paralegal" who is "self-employed," though he does not report any income.

17.     In an effort to determine possible collection sources for the assessed liabilities detailed above, the IRS recently issued collection summonses to both Mr. Rippl and his girlfriend, Michelle A. Mindell.

18.     On March 24, 2016, Mr. Rippl filed with this Court a petition to quash the IRS summons issued to Ms. Mindell. The petition is replete with frivolous anti-tax rhetoric. The summons case is docketed as 1:16-mc-18-JRA.

19.     To date, Mr. Rippl has also refused to comply with the IRS summons that was issued to him in March 2016, including by slamming a door in the face of the IRS employee who served him with the summons.

20.     On information and belief, Mr. Rippl has funded his living expenses through the use of his offshore trust as well as other unreported income. The IRS needs additional time to complete its collection investigation and has requested the filing of this complaint in order to

extend the statutory period for collection of Mr. Rippl's 1999 income tax liability. *See* 26 U.S.C. § 6502(a).

21.     In light of the foregoing facts, the IRS properly assessed, pursuant to 26 U.S.C. § 6651(f), a fraudulent failure to file penalty against Mr. Rippl with respect to his 1999 income tax liability.

WHEREFORE, the plaintiff United States of America demands judgment against defendant Bart H. Rippl for federal income taxes, penalties, and interest for tax years 1999 and 2012 in the amount of $1,622,621.22 as of May 1, 2016, plus statutory additions from and after that date, including interest, and awarding other relief as the Court may deem just and proper.

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division


/s/ Edward J. Murphy
EDWARD J. MURPHY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Tel: (202) 307-6064 / Fax: (202) 514-5238
Email: Edward.J.Murphy@usdoj.gov