# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16 CV 1139 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
|  | ) | MEMORANDUM OPINION |
| BART H. RIPPL, | ) | AND ORDER |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the Court on the Motion of *Pro Se* Defendant Bart H. Rippl to Dismiss and for Sanctions (ECF #6). Plaintiff, the United States of America, filed this action pursuant to 26 U.S.C. §§ 7401 and 7402(a), with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States to obtain a judgment that Defendant is liable for federal income taxes, penalties, and interest for the years 1999 and 2012 in the amount of $1,622,621.22 as of May 1, 2016. (ECF #1) The Complaint alleges that:

"A delegate of the Secretary of the Treasury made assessments of federal income taxes, penalties, and interest against Mr. Rippl" for the 1999 and 2012 tax years on certain dates and in certain amounts. (Compl., ¶ 3)

"A delegate of the Secretary of the Treasury properly gave notice of the assessments...and made demand for payment of the assessed liabilities upon Mr. Rippl. . . .Mr. Rippl has neglected, failed or refused to pay the assessed liabilities in full." (Compl. ¶ 4) and

"After the application of all abatements, payments, and credits, Mr. Rippl remains indebted to the United States of America for the federal income tax liabilities for the tax years 1999 and

2012 in the amount of $1,622,621.22 as of May 1, 2016, plus such additional amounts as may accrue from and after that date as provided by law." (Compl. ¶ 5).

Plaintiff argues that the Complaint fails to state a claim upon which relief may be granted and that the Court lacks subject matter jurisdiction. The Court will address these claims in order. In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The allegations in this case are sufficient to state a claim for relief that is plausible in a lawsuit seeking a money judgment for federal tax liabilities. Specifically, the Complaint sets out the date(s) of assessment, the type of assessment, the amount of each assessment for each tax year as well as the balance due as of May 1, 2016 and alleges that the Secretary of the Treasury properly gave notice of the assessments and made demand for payment of the assessed liabilities upon Mr. Rippl but that Plaintiff failed to pay the assessed liabilities in full. Courts have determined that such allegations are sufficient to state a claim in similar cases. See *U.S. v. Dininio*, Civil No. 13-5296, 2015 WL 4475916 at *3 (D. N.J. July 21, 2015) In *Dininio* the complaint set out the type of

-2-

tax assessed against the defendant, the tax periods from which the assessments came, the specific date of each assessment, the amount of each tax assessment and the amount due as of August 26, 2013. The court determined that those allegations stated a plausible claim for relief under the standard set forth in *Iqbal* and *Twombly*. *See also, U.S. v. Olsen*, Civil Action No. 14-cv-3302, 2015 WL 4915740 at *3 (D. Col. May 22, 2015)(where government "asserted that tax assessments have been calculated regarding Defendant [], notice of the assessments and demands for payment have been issued to Defendant [], and tax liens have been recorded against Defendant []," it was "plausible, if not probable, that Plaintiff will be entitled to reduction of the liens to judgment"); *U.S. v. Tyler*, Civil Action No. 10-01239, 2010 WL 3769094 at *3 (E.D. Pa. Sept. 27, 2010)("the Government properly pleads a routine action to collect delinquent federal taxes" by making comparable allegations). Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.

Defendant also asserts that this Court does not have subject matter jurisdiction. The Complaint alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction), 1340 (district courts have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue), 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and 26 U.S.C. § 7402(a) (district courts shall have jurisdiction render judgments necessary or appropriate for the enforcement of the internal revenue laws.) The action here is commenced by the United States arising under an act of congress providing for internal revenue seeking to enforce the internal revenue laws. Clearly, this Court has subject matter jurisdiction over this action, notwithstanding Defendant's assertion that the IRS has failed to provide him with a requested collection due process (CDP) hearing regarding the IRS's

filing of a federal tax lien for his 2012 income tax liability. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

As the Court has determined that the Defendant's Motion to Dismiss is without merit, Defendant's Motion for Sanctions is denied. For the reasons set forth herein, Defendant's Motion to Dismiss & Motion for Sanctions (ECF #6) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _December 21, 2016_